ELIJAH FILLEY, PLAINTIFF IN ERROR, V. NOAH NORTON
ET AL., DEFENDANTS IN ERROR.

1. **Practice in Supreme Court.** The main question is one of
fact and conflicting testimony, and presents no question of law.

2. **Parent and Child.** A father possessing a farm and a herd of
cattle let the same to his son to farm, the product of both to be
divided between them on the terms of two-thirds to the former
and one-third to the latter; there being a certain cow in the herd
which the father had given to the son before he became of age,
and which had been kept and raised in common with other cat-
tle on the farm, and was placed and kept as a part of the herd
and so treated by the parties, *Held*, That so far as the rights of
third persons were concerned the produce of said cow formed an
indistinguishable part of such stock.

3. ———: ———. By a gift from a father to an infant daughter of a
calf, to raise and have as her own, without intention on his part
that it will be taken off of his farm for many years, if ever, he
does not part with his dominion over it, so as to prevent his re-
capturing it in his own name and right from the hands of a
wrong-doer.

ERROR to the district court for Gage-county.   Tried be-
low before BROADY, J.

*Hazlett & Bates* (*L. W. Colby* with them), for plaintiff in
error.

*Hardy & McCandless*, for defendants in error.

COBB, CH. J.

This was an action of replevin commenced before a jus-
tice of the peace, and taken by appeal to the district court.
The cause was tried to a jury with verdict for the plaintiff.
A motion for a new trial was overruled and the cause
brought to this court by defendant on error.

Plaintiff in error made several points in his petition in
error as well as in his motion for a new trial, but only one

is discussed in his brief. Accordingly our examination of the case will be confined to that, and the others deemed as abandoned.

The only point urged in the brief of plaintiff in error is, "That the court erred in overruling the motion for a new trial." This point can in no possible view be maintained except on the ground that the evidence was insufficient to sustain the verdict.

The property replevied consisted of two calves about six months old, of the value of twenty-five dollars. It was pretty much entirely a question of identity. The plaintiffs and their witnesses swore with ordinary unanimity that the calves were the product of cows belonging to them on the farm of Noah Norton, which was being carried on, together with the stock, by Milo Norton, his son; that one of the calves had been raised entirely and the other partly by hand; that they had, for nearly the whole season, run about the house, and been daily fed and cared for by the sons and daughters of the senior plaintiff; that they were of peculiar color and marks, so as to attract attention both by the family, herdsmen, hired hands, and others; that early in the winter they became mixed with the herd of the defendant, with which they were driven to defendant's premises; that plaintiff went there for them, and afterwards, for more satisfactory identification, took the little girls there to pick them out of defendant's herd, which they did, but the defendant declining to give them up the suit was brought.

There was also a large amount of conflicting testimony on the part of the defendant. A number of witnesses on his part, nearly equal in number to those of the plaintiff, testified to one of the calves having been calved and raised on the place of the defendant, and the other one having been bought by him with a cow from one Acorn.

This is one of those cases not unfrequently happening where the identity of growing live stock becomes the sub-

ject of a dispute between neighbors, and is strongly asserted by a whole family and party on the one side, and as strongly denied by another whole family and its adherents on the other. This makes the fairest of all questions for a jury, and if fairly submitted to them, and they reach a verdict, it would be an enterprising court that would disturb it.

It is objected that the property, according to the showing of the plaintiffs, was not their joint property. The evidence is, that the farm and herd being the property of Noah Norton, he let it on shares for a term of years to his son, Milo Norton—the former to have two-thirds of the crops and product of the herd, and the latter one-third. It also appears that one cow, the mother of one of the calves in controversy, had been given by the father to this son some years before, when he was a minor and a member of the family of the father. This question is, I think, disposed of by the fact that the cow was by Milo Norton turned into the common herd and treated as part of the stock taken on shares from his father, and her stock, as constituting a part of the common product, to be shared between them under the terms of the contract.

It also appears that the other of the calves in question had been given by Noah Norton to Adah Norton, his daughter, about thirteen years old, living with him and as a member of his family, to care for, raise, and keep as her own. It is contended that the action of replevin, so far as this calf is concerned, cannot be maintained in the name of the plaintiffs below. In this connection it should be said that there is no evidence that Milo Norton ever consented to this gift, and being the owner of the one-third of the produce of the herd he never parted with his interest in this particular portion of it. But upon the main question, while it is by no means free of difficulty, and in the absence of authorities, I am of the opinion that a father making a gift to an infant son or daughter, a member of his family, of one or more growing head of live stock, without the in-

tention of the same being removed from his farm or herd, does not part with his dominion over it so as to prevent his recapturing it in his own name and right from the hands of a wrong-doer.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.